**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| THE REYNOLDS & REYNOLDS COMPANY § § § Plaintiff § § v. § § SUPERIOR INTEGRATED § SOLUTIONS, INC., § § Defendants. § | CASE NO. 1:12-cv-00848 § JUDGE SANDRA B. BECKWITH |

**PLAINTIFF REYNOLDS & REYNOLDS CO.'S RESPONSE TO**
**[DKT. #9] NOTICE OF RELATED CASE AND REQUEST TO TRANSFER**

Plaintiff Reynolds & Reynolds Company ("Reynolds") takes no position on the proposed transfer of this case to the docket of Judge Thomas M. Rose—both Judge Rose and this Court are more than capable of presiding over the case in a fair and efficient manner. However, in light of certain fundamental misstatements in Defendant Superior Integrated Solutions, Inc.'s ("SIS") "Notice of Related Case and Request to Transfer," Reynolds is compelled to set the record straight by filing this brief response. When Reynolds filed the instant case, it correctly did not identify *Superior Integrated Solutions, Inc. v. The Reynolds & Reynolds Company*, No. 3:09-cv-314 (the "Closed Case") as a related case under Local Civil Rule 3.1(b), because the two cases are not "related" for purposes of the rule. The Closed Case was terminated on June 21, 2010 and involves different events, transactions, happenings, and questions of law and fact from this case.

I.  **FACTUAL BACKGROUND**

Reynolds develops and provides dealer management systems ("DMS") to automobile dealerships. DMS allow automobile dealerships to organize and utilize inventory, customer

contacts, financial and insurance information, and numerous other tasks. Sometimes, Reynolds enters into agreements with third-party software developers to integrate applications into Reynolds' DMS for use by customers who choose to license the third-party applications. To protect data security and DMS operational integrity, Reynolds requires that such third-party applications be certified for integration by Reynolds.

The Closed Case was a contract dispute related to a third-party certification and integration contract with SIS—the Reynolds Interface Agreement ("RIA"). SIS filed the Closed Case one month prior to the RIA's stated expiration date, alleging that Reynolds breached the RIA by: interfering with SIS integration, rebuking SIS's requests for time to "wind down" its integration services after the RIA's stated expiration date, and allegedly obtaining proprietary SIS customer information. SIS also alleged that the same activities interfered with SIS customer contracts.

Reynolds vigorously disputed the allegations and filed counterclaims alleging numerous RIA breaches by SIS, including failures to pay any required certification fees, disclosures of Reynolds' confidential information, and failures to provide Reynolds with lists of third-party application providers using SIS integration services to access customer information as required by the RIA. Reynolds also sought a declaratory judgment that the RIA expired by its own terms on its stated expiration date.

Importantly, the contract dispute underlying the Closed Case did not involve any copyright violations, and no party requested any relief related to the SIS integration efforts at issue in the current action. The Closed Case was closed after Reynolds and SIS agreed to a "walk-away" settlement, resolving the contract-related issues that arose prior to the settlement date, but expressly resolving *no claims* that arose later. The parties reached the settlement after

the Court rejected SIS's request for a temporary restraining order prohibiting Reynolds from "removing or disabling SIS's integration software from [DMS] pending resolution of the wind-down dispute." Ex. A, at 2. The Court found that the unambiguous language of the RIA provision SIS relied on to support its requested relief could not "reasonably be relied upon by SIS to show a clear wind-down period" and refused to grant SIS's requested TRO because "SIS has not shown a likelihood of success on the merits." *Id.* at 4–5, 6. The ultimate settlement of the Closed Case released all claims "arising out of or in connection with the matters described in the Litigation . . . for the period of time up through and including the Effective Date [June 14, 2010]." Ex. B, at 3. Since the settlement, SIS has not been certified by Reynolds to integrate third-party applications into Reynolds' DMS.

The current case arose based upon conduct that occurred well after the settlement of the Closed Case, namely: (1) SIS's copying Reynolds' copyrighted software, (2) SIS's accessing Reynolds' customers' (and Reynolds' own) computers without authorization so that it could access and use Reynolds software, and (3) SIS's integrating third-party software with Reynolds' customers' DMS in violation of Reynolds' contracts with its customers. DKT. #1, ¶¶ 16–22. Based on this conduct, Reynolds has asserted claims for violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*; violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*; and tortious interference with contract under Ohio law. Reynolds has also requested temporary and permanent injunctions enjoining SIS from copying Reynolds software and accessing Reynolds' customers' protected computers without authorization. DKT. #1, ¶¶ 23–62.

## II.     ARGUMENT

### A.     The Active and Closed Cases Are Not Related Under Local Rule 3.1(b)

Civil cases are "related" if they: (1) arise from the same or substantially identical transaction, happening, or event; or (2) call for a determination of the same or substantially identical questions of law or fact; or (3) would entail a substantial duplication of effort and expense by the Court and the parties if heard by different judges; or (4) seek relief that could result in a party's being subject to conflicting orders of this Court. Local Civil Rule 3.1(b). This case is not related to the Closed Case under any of the above factors.

*Factor 1: Same or Substantially Identical Events.* The transactions, happenings, and events of this case are not the "same" as the Closed Case's for at least the simple reason that this case's events occurred *after* the settlement agreement ended the Closed Case. Nor are the events "substantially identical." The Closed Case's core events were: the parties' competing contract interpretations under the RIA, Reynolds' purported acts of interference with SIS integration services in alleged violation of the RIA, and both parties' alleged wrongful uses of confidential information pursuant to the terms of the RIA. In short, the Closed Case was a contract case. As the Court in that case ruled in Reynolds' favor, that contract (the RIA) is no more. Nobody here alleges that the RIA has any impact on the current case. Nor can they. The parties' contractual relationship ended in the Closed Case, and this case concerns what occurred *after* the Closed Case—i.e., SIS's alleged unlawful copying of Reynolds software and unlawful hacking of protected computers to access and use Reynolds software—during a time when there has been no contract even arguably governing the parties' relationship. In sum, the events underlying the two cases are not the same or substantially identical.

To be sure, both cases involve the same parties, included allegations of misconduct with respect to each others' customers, and relate to third-party integration with Reynolds' DMS. But the first factor tests not whether litigation involves similar parties and general concepts; it tests whether the *events* are the "same" or "substantially identical." This case relates to SIS's interference with Reynolds' customer contracts, not the alleged interference by a different company (Reynolds) with different contracts (SIS customer contracts) litigated previously. Likewise, whereas the previous case dealt with SIS integration as governed by the RIA, there is no contract allowing SIS integration in this case, and the issue is whether SIS's integration has violated federal laws. The surface-level similarities between this case and the Closed Case do not make it related under Local Civil Rule 3.1. *Compare Gokey v. Stryker Corp.*, No. 1:10-CV-00733, 2011 WL 39030, at *1–2 (S.D. Ohio Jan. 5, 2011) (finding that a products liability suit against a pain-pump manufacturer for injury caused by unapproved use is related to other cases against manufacturer for injuries from unapproved use because the issues for all cases would be whether the manufacturer marketed the product beyond FDA approval).

*Factor 2: Same or Substantially Identical Questions of Law or Fact.* The questions of law and fact likewise differ. This case will require applying the Copyright Act to determine whether SIS unlawfully copied Reynolds software and the CFAA to determine if SIS unlawfully accessed protected computers. The Closed Case, by contrast, required application of contract law to interpret the RIA. The RIA is not at issue in this case; the federal statutes at issue here were not at issue in the Closed Case. The cases are thus not related under the second factor.

*Factors 3 and 4: Duplicative Effort / Conflicting Relief.* The final two factors are simply inapplicable. There is no risk that a court will "duplicate" efforts in an active case with a closed case because the closed case requires no effort. Similarly, there is no risk that orders from an

active case will conflict with orders from a closed case because the closed case requires no orders.  The third and fourth factors do not apply, and the cases are not related under Local Civil Rule 3.1(b).

## III. CONCLUSION

Reynolds recognizes that Local Civil Rule 3.1 does not provide a basis on which SIS may seek transfer or consolidation, but nonetheless hopes that this Response will assist the Court in determining whether this case is "related" to the Closed Case.  Reynolds does not understand SIS to have requested transfer and/or consolidation under any other Federal or Local Rule.  While there is no basis under any rule or statute for transfer or consolidation of this action, Reynolds has no objection to the transfer if the Court, on its own, desires to transfer it.

Respectfully submitted,

By: */s/ James H. Greer*
David C. Greer, Trial Attorney (0009090)
James H. Greer, Trial Attorney (0046555)
**BIESER, GREER & LANDIS LLP**
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908
Tel: 937-223-3277
Fax: 937-223-6339
Email:  dcg@bgllaw.com; jhg@bgllaw.com

Grant Harvey, TBN 09177700
Aundrea K. Gulley, TBN 24034468
Brian T. Ross, TBN 24037395
Ben Bireley, TBN 24076086
**GIBBS & BRUNS LLP**
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel: 713-650-8805
Fax: 713-750-0903

**CERTIFICATE OF SERVICE**

      This is to certify that on the 10th day of January, 2013 a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy of the foregoing document was electronically mailed to the following:

>Keven Drummond Eiber
>Anastasia J. Wade
>BROUSE McDOWELL, LPA
>600 Superior Avenue East, Suite 1600
>Cleveland, OH 44114
>Tel.: (216) 830-6830
>Fax: (216) 830-6807
>Email: keiber@brouse.com
>*Attorneys for Defendant Superior Integrated Solutions, Inc.*

                BIESER, GREER & LANDIS LLP

                By: */s/James H. Greer*
                James H. Greer, Trial Attorney (0046555)

2470.212337/407609.1