# EXHIBIT B



Grant J. Harvey
Partner
gharvey@gibbsbruns.com
713.751.5267

February 13, 2013

*Via USPS First Class Mail and*
*Email: mlornstein@kpsos.com*
Mark L. Ornstein
Killgore, Pearlman, Stamp, Ornstein & Squires, P.A.
2 South Orange Avenue, 5th Floor
Post Office Box 1913
Orlando, Florida 32801-1913

Re: The *Reynolds & Reynolds Company v. Superior Integrated Solutions, Inc.*, C.A. No. 1:12-CV-00848, pending in the U.S. District Court for the Southern District of Ohio

Dear Mark:

I am in receipt of your letter of today's date on behalf of SIS complaining in vague terms about undefined and unspecified conduct you contend entitles SIS to some sort of injunctive relief against Reynolds and threatening to take action in 48 hours unless Reynolds ceases and desists from that unspecified conduct.

Before you "pull the trigger," you should carefully verify your facts. For example, a few letters ago, you claimed that SIS was not responsible for violating Federal Copyright law through the use of the sysdiagx.exe file, which is an exact copy of code taken from Reynolds ERAccess. In defense of what was an obvious, blatant violation of Reynolds's copyright, you claimed that the sysdiagx.exe file was not an SIS file and that SIS did not place it into its software file directory that was installed in dealerships. You even went so far as to suggest that Reynolds perhaps planted the sysdiagx.exe file in SIS's file directory folder. That tale proved to be entirely fallacious as we were able to find the exact same sysdiagx.exe file available for download on your client's own website. Not coincidently, shortly after you received our Amended Complaint pointing out that fact, your client removed the sysdiagx.exe file from its website. The point is simply this—you have been misinformed regarding the facts.

Second, if SIS intends to argue to Judge Rose that it gave Reynolds an opportunity to "cease and desist" before marching into court seeking to obtain an injunction—SIS needs to let Reynolds know exactly what actions Reynolds allegedly committed about which SIS is complaining that it contends are actionable. That way, I can fairly advise my client whether it is doing anything whatsoever that it should consider "ceasing and desisting." Unfortunately, your letter, like the bulk of SIS's counterclaim (the subject of our recently filed motion to dismiss) is

Mark L. Ornstein
February 13, 2013
Page 2

vague and conclusory, clearly crafted to give the appearance of providing a warning without in fact providing a meaningful one as it lacks any salient and necessary details with respect to the alleged conduct at issue that is the focus of that warning.[1]

      For example, SIS contends that Reynolds is "deliberately interfering with SIS's integration software absent dealer request or approval." Is your client claiming that Reynolds has been removing or moving SIS's code from dealership computers? Your letter suggests as much when it references Judge Rose's October 12, 2009 Order entered in a closed case (3:09-cv-314), which is no longer in force, and which was based on an agreement Reynolds made in that case. Regardless, if SIS contends that Reynolds is in fact removing or moving SIS's code from dealership computers—tell us how, and please be specific. If there is something else Reynolds is doing with respect to SIS's code that it thinks is actionable, please lay it out so we can evaluate it.

      Lastly, as Jamie Greer has repeatedly requested, please send correspondence directly to me with a cc to Aundrea (Andi) Gulley, Brian Ross, Jamie Greer, and David Greer. I would hate for important correspondence to fall through the cracks, and I am sure you would too.

      Regards,

      Grant J. Harvey

c:   Michelle McKinnie
     *Via Email: mmckinnie@kpsos.com*
     A. Gulley
     B. Ross
     J. Greer
     D. Greer

---

[1] I called your office shortly after receiving the letter and asked to speak with you, but your office said you were unavailable to take my call.