# EXHIBIT D

# KILLGORE, PEARLMAN, STAMP, ORNSTEIN & SQUIRES, P.A.

ATTORNEYS AND COUNSELORS AT LAW

| | | |
|---|---|---|
| WILLIAM J. DENIUS<br>CHRISTOPHER M. HARNE<br>CHRISTOPHER W. HAYES [1,7]<br>STEVEN KAHANA<br>FRANK H. KILLGORE, JR. [2]<br>KAYLA M. MUDGE [3,7] | ORLANDO OFFICE<br>2 SOUTH ORANGE AVENUE, 5th FLOOR<br>POST OFFICE BOX 1913<br>ORLANDO, FLORIDA 32801 (32802-1913)<br>TELEPHONE: (407) 425-1020<br>FAX: (407) 839-3635 | MARK L. ORNSTEIN [2]<br>CRAIG S. PEARLMAN [4]<br>ARTHUR J. RANSON, III [5]<br>GREY SQUIRES-BINFORD [2]<br>MICHAEL A. SEMANIE [7]<br>MARTIN F. STAMP [6] |

1 ALSO MEMBER OF CALIFORNIA BAR
2 CERTIFIED CIRCUIT COURT MEDIATOR
3 ALSO MEMBER OF ILLINOIS BAR
4 ALSO MEMBER OF DC & WEST VIRGINIA BAR
5 BOARD CERTIFIED CIVIL TRIAL LAWYER
6 ALSO MEMBER OF NEW YORK & TEXAS BAR
7 ALSO HOLDS A MASTER OF BUSINESS ADMINISTRATION

SARASOTA OFFICE
50 CENTRAL AVENUE, SUITE 930
POST OFFICE BOX 547
SARASOTA, FLORIDA 34236 (34230-0547)
TELEPHONE: (941) 366-5974

*www.kpsos.com*

OF COUNSEL
BRENDA J. NEWMAN

Sender's email address:
*MLOrnstein@kpsos.com*

REPLY TO: ORLANDO OFFICE

December 26, 2012

David C. Greer, Esquire
James H. Greer, Esquire
Bieser, Greer & Landis, LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908
***Via U.S. Mail andEmail to:***
*dcg@bgllaw.com and jhg@bgllaw.com*

> Re: ***The Reynolds & Reynolds Company v. Superior Integrated Solutions, Inc.***
> ***U.S. District Court for the Southern District of Ohio, Western Division***
> ***Case No.: 1:12-CV-00848***

Dear Counsel:

As you know, the undersigned has the pleasure of representing Superior Integrated Solutions, Inc. ("SIS"). After reviewing the Complaint recently filed on behalf of The Reynolds & Reynolds Company ("R&R") against SIS, and after discussing with my client the nature of the accusations made by R&R in its lawsuit, it appears that it may be appropriate at this juncture to reach out in an attempt to clarify certain apparent misconceptions. It is my hope that this correspondence will be received in the spirit in which it was intended and may lead to a prompt resolution of this matter.

In its pleading, R&R alleges that a certain executable file bearing the name "sysdiagx.exe" (the "Patch") was created by SIS and installed on dealership computer systems by SIS to provide a method and means of interfacing with the dealership DMS system. More specifically, R&R alleges that SIS's software requires the existence of the Patch to access dealership information. In response to these surprising allegations, SIS expended its own funds to begin investigating R&R's claims.

Contrary to R&R's accusations, SIS did not create the Patch. In fact, SIS was unaware of the very existence of the Patch until R&R brought the issue to SIS's attention. SIS's software

David C. Greer, Esquire
James H. Greer, Esquire
*Re: The Reynolds & Reynolds Company v. Superior Integrated Solutions, Inc./Case No.: 1:12-CV-00848*
December 26, 2012/Page 2

---

has never used, nor does it presently use, the Patch in any way whatsoever for any purpose whatsoever. Not only do SIS products not require or use the Patch, the existence of such a Patch may even prove harmful to SIS's software. Therefore, if R&R's representation is accurate that the Patch was discovered within an SIS file directory, the Patch could only have been placed there surreptitiously and without the authorization of SIS—a clear cause of concern for SIS.

Based upon the foregoing, it is untenable at best for R&R to maintain its position that SIS created and installed a Patch that SIS's software neither requires nor in any way uses. As you already know, R&R has previously been admonished by a federal court for multiple instances of tampering with SIS's software files. Indeed, the court noted in one order that R&R's arguments as to why it should not be held in contempt for so tampering with SIS files was "at best, disingenuous." Based upon this dubious history, and because SIS's software does not even make use of the Patch—it is apparent at this point that R&R has once again improperly accessed and tampered with SIS files on dealership computer systems. As such, should this matter proceed further, SIS intends to file its own counterclaim against R&R asserting claims that include, but are certainly not limited to, R&R's tortious interference with SIS's business relationships and R&R's continuing anticompetitive practices in violation of federal and state antitrust laws.

Notwithstanding the foregoing, and before this matter progresses further, SIS is presently willing to work with R&R to remove the Patch and settle this matter. While R&R claims to have experienced problems associated with the Patch, it is presently unclear what affect the Patch may have on SIS's software and on the Dealer's computer system in general. Therefore, SIS intends to conduct an audit of its clients' computer systems and, should the Patch file be discovered in the SIS file directory, SIS intends to immediately remove the Patch from such directory. However, in a good-faith effort to avoid any potential spoliation issues, SIS is providing R&R with this notice of its intent to remove the Patch from the SIS file directory of its dealers' computer systems in an attempt to keep the SIS software and dealer systems integrated and operational. Should you have any objection to such removal or this procedure, please contact the undersigned within five (5) days of this notice.

Should you wish to discuss this matter further, please feel free to contact me at your convenience.

Sincerely,

Mark L. Ornstein

MLO/mas
cc: Superior Integrated Solutions, Inc.