**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| THE REYNOLDS & REYNOLDS COMPANY | Case No. 1:12-cv-00848 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | |
| SUPERIOR INTEGRATED SOLUTIONS, INC. | |
| Defendant. | |

## PROTECTIVE ORDER

For good cause shown, the Court hereby **GRANTS** this Protective Order concerning the confidentiality of certain documents and information and **ORDERS** as follows:

**WHEREAS**, on November 1, 2012, Plaintiff The Reynolds & Reynolds Co. initiated the lawsuit styled Case No. 1:12-cv-00848, *The Reynolds & Reynolds Company v. Superior Integrated Solutions, Inc.* in the United States District Court for the Southern District of Ohio (the "Litigation");

**WHEREAS**, discovery requests propounded in the Litigation may call for the disclosure of non-public, confidential, proprietary, or commercially sensitive information of the parties to the Litigation;

**WHEREAS**, the Parties must be assured that such non-public, confidential, proprietary, or commercially sensitive information will not be improperly used, disclosed, shared, or distributed; and

**WHEREAS**, the Parties and the Court intend to include within the scope of this Protective Order any data, information, material, or testimony (including documents and tangible things as defined in Federal Rule of Civil Procedure 34(a) or any applicable rule) that is voluntarily or involuntarily produced, disclosed, or filed in the Litigation, whether in affidavits, briefs, exhibits, motions, pleadings, or otherwise (for ease of reference, the "Discovery Material"), by or on behalf of any Party or non-Party (as delineated below, the "Producing Party");

**IT IS HEREBY ORDERED** that this Protective Order shall govern Discovery Material produced by the Parties pursuant to the Order as follows:

**DEFINITIONS**

1. The following terms shall have the following meanings when used in this Order:

    a. "Confidential Material" means any Discovery Material (regardless of how generated, stored, or maintained) that qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c), including but not limited to, confidential or proprietary business, commercial, personal or financial information, trade secrets, confidential research and development, and/or credit, compliance personnel and administrative information.

    b. "Highly Confidential Material" means extremely sensitive "Confidential Material" including trade secrets (including, without limitation, source code) and confidential research, development, or commercial information the disclosure of which

would create a substantial risk of significant competitive or financial harm.

c. "Confidential Discovery Material" means both Confidential Material, as defined in Paragraph 1(a) and Highly Confidential Material, as defined in Paragraph 1(b).

d. "Party" means any Party to the litigation and that Party's officers, directors, trustees, and employees.

e. "Producing Party" means any Party or any non-Party who produces Discovery Material in connection with this Litigation.

f. "Receiving Party" means any Party to the Litigation or any non-Party who receives Discovery Material.

g. "Designating Party" means (i) any Producing Party who identifies any Discovery Material that it produced as Confidential Material or Highly Confidential Material, and/or (ii) any Party that identifies as Confidential Material or Highly Confidential Material any Discovery Material provided to it by others, including other Parties to this Litigation, for use in this Litigation.

## SCOPE OF THE PROTECTIVE ORDER

2. Subject to the reservation contained in Paragraph 25 herein, this Protective Order controls the designation and handling of, and resolution of disputes concerning, all Confidential Discovery Material in the Litigation.

3. The obligation to comply with the terms of this Protective Order shall apply to (i) the Parties; (ii) any person receiving Confidential Discovery Material in this Litigation; (iii) any deponent or other witness in this Litigation; and those persons who have signed Exhibit A hereto.

4. This Protective Order shall not apply to any Confidential Discovery Material that (i)

becomes available to a Party, person, deponent, or other witness (as identified in paragraph 3 above) through lawful means other than in connection with the Litigation; or (ii) is determined by the Court to be exempted from the restrictions in this Protective Order.

**DESIGNATION OF CONFIDENTIAL DISCOVERY MATERIAL**

5. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. A Party may designate Discovery Material produced in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order if the Party believes such material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided by this Protective Order. Such designated Discovery Material shall be "Confidential Discovery Material" and shall be maintained as confidential and used and disclosed only as permitted by this Protective Order unless otherwise ordered by the Court pursuant to paragraph 10 hereof.

6. The designation shall be made by stamping or otherwise marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document or writing. If only a portion of the document or writing is to be so designated, then a notation shall be made on the front page indicating that a portion is so designated, and each page containing the designated portion shall be stamped or otherwise marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The failure to designate Discovery material as Confidential Discovery Material when served shall not waive any claim of confidentiality. A Party may designate Discovery Material as Confidential Discovery Material after it has been served in accordance with Paragraph 21 below.

7. Designation of Discovery Material as Highly Confidential Material shall constitute a

certification by the Designating Party that the Party has a reasonable, good-faith belief that the Discovery Material meets the definition set forth in Paragraphs 1(b) above. The designation shall thus further constitute a certification by the Designating Party that it has a reasonable, good faith belief that the Discovery Material should not be used or disclosed by the recipient unless such use or disclosure is made in accordance with Paragraphs 13 and 14 below.

8.     For Interrogatories:  a Party may designate an interrogatory response as Confidential Discovery Material by prefacing the response with the legend "RESPONSE CONFIDENTIAL" or "RESPONSE HIGHLY CONFIDENTIAL" and stamping each page on which the response appears "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The first page of any set of interrogatory responses containing Confidential Discovery Material shall be stamped "CONFIDENTIAL RESPONSES INCLUDED."  The Parties shall treat any interrogatory responses that are designated confidential in accordance with this paragraph as Confidential Discovery Material subject to all of the protections set forth in this Protective Order for such materials. The failure to designate an interrogatory response as Confidential Discovery Material when served shall not waive any claim of confidentiality.  A Party may designate an interrogatory response as Confidential Discovery Material after it has been served, in accordance with Paragraph 21 below.

9.     For Depositions: a Party may designate information contained or revealed in a deposition, whether in a question, answer, or colloquy, as Confidential Material or Highly Confidential Material at the time of the deposition, or within 25 days from receipt of the deposition transcript, by noting on the record a claim of confidentiality pursuant to this Protective Order or by written Notice to the Parties. For the period from the deposition through 25 days following receipt of the deposition transcript, the entire transcript (but not

the exhibits thereto, unless designated as Confidential Material or Highly Confidential Material at or prior to the deposition) shall be treated as Confidential Material (unless the information has previously been designated as Highly Confidential Material, in which case it will be treated as Highly Confidential Material). At the expiration of that 25 day period, only those portions of the transcript that were designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the deposition or within 25 days of receipt of the transcript shall be considered Confidential Material or Highly Confidential Material. The failure to designate any portion of a deposition testimony transcript as Confidential Discovery Material at the deposition or within the 25-day period provided for in this paragraph does not constitute a waiver of such claim, and a Party may so designate the deposition transcript or a portion thereof after it has been provided, pursuant to Paragraph 21 below, with the effect that such material shall be treated as subject to protection as Confidential Discovery Material under this Protective Order from the date of such designation forward. If any deposition is videotaped, those portions of the videotape corresponding to pages of the deposition transcript designated as Confidential Discovery Material shall be treated as Confidential Discovery Material.

    a.    The confidential portion of a deposition transcript shall be identified as such in the caption or title of the transcript and on each page, which shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    b.    The Designating Party shall advise all other parties and all persons who were present at the deposition that the information is subject to this Protective Order.

    c.    Before the disclosure of Confidential Material in a deposition, all persons present at the deposition (other than counsel representing Parties to the action and

persons recording the deposition) shall sign or have signed an undertaking in the form attached hereto as Exhibit A. With respect to a non-Party witness, such a non-Party witness shall be asked by the Party seeking its testimony to sign the undertaking attached hereto as Exhibit A before the Party discloses Confidential Material to the non-Party witness. If such non-Party witness refuses to sign Exhibit A, the Party shall: (i) immediately, but no fewer than three days before the deposition, give Notice to the Designating Party of the non-Party witness's refusal to sign Exhibit A; and (ii) during the deposition, identify for the non-Party witness any Confidential Material being disclosed to it. A Party may provide the Designating Party fewer than three days' Notice for good cause shown. Any non-Party witness who refuses to sign Exhibit A shall be precluded from retaining any Confidential Material.

d. Before the disclosure of Highly Confidential Material in a deposition, all persons present at the deposition (other than counsel representing Parties to the action, the Parties, and persons recording the deposition) shall sign an undertaking in the form attached hereto as Exhibit B. With respect to a non-Party witness, such a non-Party witness shall be asked by the Party seeking its testimony to sign the undertaking attached hereto as Exhibit B before the Party discloses Highly Confidential Material to the non-Party witness. If such non-Party witness refuses to sign Exhibit B, the Party may not show the Highly Confidential material to the Non-Party Witness.

e. Persons to whom the disclosure of Confidential Discovery Material is prohibited under this Protective Order shall be excluded from the deposition during the disclosure of such information or questions, answers, or colloquy concerning such information.

10. Any Party who wishes to challenge the designation of material as Confidential Discovery Material must first confer in good faith with counsel for the Designating Party regarding such designation. If this effort fails to resolve the disagreement, the objecting Party may file an appropriate motion with the Court, identifying the disputed material by category or document number and certifying that the objecting Party has sought in good faith to confer with counsel for the Designating Party but has been unable to resolve the dispute. Counsel for the Designating Party will then have ten business days in which to file a response to the motion. The designation of materials as Confidential Discovery Material shall remain in full force and effect until the dispute is ruled upon by the Court or otherwise resolved.

11. A Party who does not challenge a designation of material as Confidential Discovery Material at the time that it is designated is not thereby precluded from making a later challenge.

**USE OF CONFIDENTIAL DISCOVERY MATERIAL**

12. Confidential Discovery Material shall be used solely for purposes of the above-captioned proceedings, and each action consolidated with or related thereto, including any related cross-claims, non-Party claims, appeals, and retrials. Confidential Discovery Material shall not be used for any other purpose. Confidential Discovery Material shall not lose its status as Confidential Discovery Material solely through use in any court proceeding referred to in this paragraph.

13. Material Marked as Confidential may be disclosed, summarized, described, characterized, or otherwise made available in whole or in part only in accordance with paragraph 12 above and only to the persons listed below. Highly Confidential Material may

be disclosed only to the persons listed in sections a-j below, and only under the conditions set forth in Paragraph 14.

    a.    Counsel of record for the parties in the above-styled and numbered cause; and members, associates, paralegals, administrative assistants, secretaries and members of the clerical and administrative staffs of such counsel who have need to know in connection with their assignments on this case;

    b.    Parties and Party representatives (officers, directors, trustees, employees, spouses or in-house counsel of a party) where reasonably necessary for the assistance of counsel of record in discovery and preparation for trial of the above-styled and numbered cause;

    c.    Experts or consultants retained to provide technical assistance in preparation for trial of the above-styled and numbered cause, in accordance with Paragraph 14, below;

    d.    Non-parties and their counsel, to the extent necessary for the prosecution or defense of the Litigation, including but not limited to witnesses expected to testify at deposition or at trial, in accordance with Paragraph 14, below;

    e.    Persons who are shown on the face of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material to have been the authors, addressees, or recipients of them.

    f.    The stenographic reporter, videographic reporter, or videographer involved in any deposition, hearing, trial, or other proceeding in the above-styled and numbered cause, and employees of an independent photocopying or microfilming service used by the attorneys for any Party in the above-styled and numbered cause;

    g.    The Court, persons employed by the Court, and court reporters transcribing, or

videographers recording, the testimony or argument in connection with any hearing, deposition, trial, or any appeal therefrom;

h. A court of competent jurisdiction to the extent necessary to resolve a discovery dispute made in connection with the Litigation, provided that the Party seeking relief from moves the court to order that the Confidential Discovery Material shall be placed under seal and shall remain under seal unless otherwise ordered by that court. Where a court does not permit or provide for filing under seal, the Party shall use its best efforts to obtain the maximum protection of confidentiality provided for under statute or court rules;

i. Any other person, only upon order of the Court or with the written consent of the Designating Party; and

j. Persons who are in depositions as provided in Paragraph 9(c).

14. Confidential Material may be disclosed to the persons identified in Paragraph 13 c, d, and **j** only after such persons sign the form attached hereto as Exhibit A. Such executed forms shall be maintained by counsel for the Party who gives such person access to such Confidential Material. If such Person refuses to sign Exhibit A, the Party shall: (i) immediately, but no fewer than three days before the testimony or assistance, give Notice to the Designating Party of the non- Party's refusal to sign Exhibit A; and (ii) advise the non-Party that the Discovery Material to be disclosed to it have been designated "CONFIDENTIAL" or pursuant to this Protective Order. A Party may provide the Designating Party fewer than three days' Notice for good cause shown. Any Person that refuses to sign Exhibit A shall be precluded from retaining any Confidential Discovery Material. Highly Confidential Material may be disclosed to the persons identified in Paragraph

10

13 b, c, d, and j only after such persons sign the form attached hereto as Exhibit B. Such executed forms shall be maintained by counsel for the Party who gives such person access to such Highly Confidential Material. Highly Confidential Material shall not be shown to any persons refusing to sign Exhibit B. In addition Confidential Discovery Material may only be disclosed to persons identified in 13(c) to the extent necessary for such experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation or any appeals. Notwithstanding anything to the contrary contained in this Protective Order, in no event shall any Confidential Discovery Material be disclosed to experts and consultants described in Paragraph 13(c) or any other non-Party if such expert, consultant, or other non-Party is or was a member of (or a parent company, subsidiary, known consultant, or corporate affiliate of) the Open Secure Access or "OSA" group, at any time from January 1, 2006 through the date of any engagement of any such expert or consultant without the prior written consent of the Designating Party or further order of the Court.

15. While it is the intention of the Parties that the protections afforded by this Order shall govern the disclosure of Confidential Discovery Material, the Parties acknowledge that this Stipulated Protective Order creates no entitlement to file Confidential Discovery Material under seal. Pursuant to *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Therefore, before any Party files anything with the Court that attaches or describes Confidential Discovery Material, they shall follow the procedures in Southern District of Ohio Local Rule 79.3. This Protective Order does not authorize filing under

seal; any provisions in this Protective Order to the contrary are hereby stricken.

16. It is the responsibility of counsel for each Party to maintain the security of all Confidential Discovery Material pursuant to the terms of this Protective Order.

17. In the event that any Party receives a subpoena or other compulsory legal process calling for the production of Confidential Discovery Material, the Party receiving such process shall provide Notice and a copy of such subpoena or process to the Designating Party within five (5) business days of its receipt. If the Designating Party moves to quash or for a protective order prior to the production or disclosure deadline designated in the subpoena or process, the recipient of the subpoena or process shall refrain from producing any Confidential Discovery Material in response to the subpoena or process pending a ruling on the Designating Party's request for relief. Nothing herein shall require any Party to disobey any relevant statute, Federal Rule of Civil Procedure, Federal Rule of Criminal Procedure, rule of court or court order.

18. After the entry of final judgment (including any appellate proceedings) in the Litigation, the provisions of this Protective Order shall survive and remain in full force and effect. All Confidential Discovery Material exchanged between and among the Parties shall be returned to the Producing Party or destroyed within 60 days after the conclusion of this Litigation (including any appellate proceedings). If Discovery Material is destroyed, Notice of confirmation of such destruction or a certificate of destruction shall be provided to the Producing Party. For the avoidance of doubt, this provision shall not require any Party to destroy deposition or court transcripts, work product, discovery responses, pleadings or exhibits containing or referring to Confidential Discovery Material. However, unless destroyed, all such materials shall be treated as Confidential Material or Highly Confidential Materials and

shall be used or disclosed only in accordance with the terms of this Protective Order. Compliance with the provisions of this paragraph shall be confirmed in writing to the Producing Party no later than 10 days after such return or destruction of Confidential Material or Highly Confidential Material.

19. This Protective order has no effect on, and shall not apply to, any Party's use or disclosure of its own Confidential Discovery Material for any purpose whatsoever. If a Party discloses its own Confidential Discovery Material by filing it other than under seal with the Court, the Discovery Material is no longer designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is no longer subject to the protections afforded Confidential Discovery Material pursuant to this Order.

20. Any Party may move the Court to modify this Protective Order or for an order seeking additional safeguards for Confidential Discovery Material beyond the protections afforded by this Protective Order. Nothing in this Protective Order shall prevent a Party from redacting privileged, irrelevant or non-responsive information contained within Confidential Discovery Material that is produced pursuant to discovery in this matter or otherwise. Nothing in this Protective Order shall be construed to prevent any Party from contesting the redaction of such material.

**INADVERTENT PRODUCTION OF CONFIDENTIAL DISCOVERY MATERIAL**

21. Inadvertent or unintentional disclosure of Confidential Discovery Material shall not be deemed a waiver of the safeguards provided by this Protective Order. If through inadvertence or otherwise, Discovery Material that the Producing Party considers to be or contain Confidential Discovery Material is disclosed, a Designating Party may so designate it by giving Notice to all Receiving Parties that the material is or contains Confidential Discovery

Material. Upon such notice, the Producing Party shall provide all Receiving Parties a replacement copy of such materials marked with the appropriate designation as set forth in Paragraph 6 above. All Receiving Parties shall promptly destroy or return to the Producing Party the unmarked copy of the material. Upon receipt of the notice described herein, all parties shall thereafter treat the Confidential Material or Highly Confidential Material as subject to this Protective Order.

**INADVERTENT DISCOSURE OF PRIVILEGED MATERIAL**

22.     Inadvertent or unintentional disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter.

23.     If a Party has produced Privileged Material or Discovery Material that is subsequently claims is Privileged Material, the Receiving Party upon written or oral request, shall promptly return it, including all copies, and promptly destroy any notes concerning it. The Receiving Party may not refuse to return the material.  If the Receiving Party wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity designation, it must return the material, then confer in good faith with the Producing Party as follows. First, the Receiving Party shall give Notice to the Producing Party within 10 days that identifies with particularity the reasons for the challenge (the "Challenge Notice"). No later than 10 days after the Receiving Party serves the Challenge Notice, the Producing Party shall respond in writing and provide a good faith explanation of the basis for the privilege claim or claims of immunity. If the Parties themselves cannot resolve the dispute

within 20 days after the Producing Party serves the response, the Receiving Party may move the Court for an appropriate order. The Producing Party shall serve an opposition no later than 10 days after service of the motion. The Parties shall treat the disputed material as privileged or subject to immunity until they resolve the dispute themselves or the Court resolves the dispute.

24. Notwithstanding any provision of this Protective Order to the contrary, the Receiving Party may retain one copy of the disputed material for the exclusive purpose of seeking relief from the Court, as set forth in paragraph 23. In any application to the Court under paragraph 18(b), the Receiving Party shall move for leave to file the disputed material under seal. If the Court determines, or the Parties themselves agree, that the disputed material is privileged, work product, or entitled to immunity, and also entitled to protection, the Receiving Party shall destroy the single copy that it retained pursuant to this paragraph.

**MISCELLANEOUS**

25. By agreeing to or performing as required by this Protective Order, the Parties expressly do not waive: (1) any objections concerning the Confidential Discovery Material, including objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any Confidential Discovery Material; or (2) the right to seek additional protections as set forth in Federal Rule of Civil Procedure 26(c)(1) and any other applicable law or order of court.

26. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections in the Protective Order are available to such non-Party.

27. For the purposes of this Protective Order only, Notice means written notice transmitted by overnight mail, email, or electronic filing. Notice is effective upon receipt.

    **IT IS SO ORDERED.**

July 22, 2013                                                                   **s/ Michael J. Newman**
                                                                               United States Magistrate Judge

## **EXHIBIT A**

## **AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I hereby acknowledge that I have been given an opportunity to read the Protective Order entered in the United States District Court for the Southern District of Ohio on _____, 2013, in Case No. 1:12-cv-00848, *The Reynolds & Reynolds Company v. Superior Integrated Solutions, Inc.* (the "Litigation"), that I understand it and agree to be bound by its terms. I agree that I will not at any time reveal or discuss the contents of the documents, materials, or information furnished to me in the course of the Litigation that are subject to the Protective Order (the "Confidential Discovery Material") with anyone, except as expressly authorized by the Protective Order, or as otherwise required by the Court. I agree that any Confidential Discovery Material furnished to me will be used by me only for the purpose of my involvement in the Litigation. I further agree that in the event I cease to have any involvement in the Litigation, (i) I shall promptly destroy or return all Confidential Discovery Material to the Party or counsel from whom I received it, and if Confidential Discovery Material is destroyed, I will provide confirmation of such destruction or a certificate of destruction to the Party or counsel from whom I received it within 10 days of its destruction; and (iii) I shall maintain the confidentiality of all Confidential Discovery Material disclosed to me.

Dated: _____    _____
                                                              (Signature)

## EXHIBIT B

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

_____, hereby certify that I have been advised of the existence and terms of the Protective Order in the above-captioned proceeding, including, but not limited to, the provisions relating to the treatment of documents and information that are designated as Highly Confidential Material, and that I understand and agree as follows;

1. Highly Confidential Materials are considered by one or more of the parties to this proceeding, or by a non-party who designated them as such, *to* contain highly sensitive business or proprietary information, trade secrets, or other information, the disclosure of which would create a substantial risk of adversely affecting the competitive position or business operations of the party that designated the documents or information as High Confidential Material.

2. I therefore will not use Highly Confidential Material for any purpose other than in connection with my responsibilities in the above-captioned proceeding.

3. I also will not disclose Highly Confidential Material, whether verbally or through the sharing of written or electronic materials, except when such disclosure is necessary to perform my responsibilities in the above-captioned proceeding. If I do make such a disclosure, 1 will have those persons execute a certificate in the form of this one.

4. Upon the conclusion of the above-captioned proceeding and any further proceeding concerning the above-captioned proceeding, I will destroy (or return to the original producing party) all copies of all Highly Confidential Material in my possession or control, as provided in paragraphs 18 of the Protective Order.

5. I understand that if I breach any of the commitments set forth above, the party that designated the documents or information as Highly Confidential Material may commence a civil cause of action against me for such breach, and I may become liable to that party for all damages, both compensatory and punitive, that are available under the law to that party as a result of that breach.

Dated: _____ 2013

Name:  _____

_____

_____

_____

_____
[signature]