UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THE REYNOLDS & REYNOLDS
COMPANY,

        Plaintiff,

-v-

SUPERIOR INTEGRATED SOLUTIONS,
INC.,

        Defendant.

Case No. 1:12-cv-848

Judge Thomas M. Rose

___

**ENTRY AND ORDER DENYING SIS'S MOTION FOR RECONSIDERATION (Doc. #83) AND DENYING SIS'S REQUEST TO BE HEARD ON THE TAKING OF JUDICIAL NOTICE OF TYPICAL CONTRACT TERMS**

___

On June 6, 2013, this Court issued an Entry and Order dismissing Counter Claimant Superior Integrated Solutions, Inc.'s ("SIS's") Counterclaims (the "Order"). (Doc. #37.) In the Order, the Court took judicial notice that Counter Defendant Reynolds & Reynolds Company's ("Reynolds'") auto-dealership customers agree to certain prohibitions on integration of third-party applications. More specifically, the Court took judicial notice of the facts that,

> [w]hen they sign up for ERI, customers **typically** agree to prohibitions on connecting third-party applications to ERA. (emphasis added.) The customers also agree to prohibitions on allowing third-party integrators that are not licensed by Reynolds, like SIS, to interface with ERA. Finally, the customers agree to permit Reynolds to access the systems obtained from Reynolds and to access the auto-dealer's business data.

The Court's determination as to what Reynolds' customers **typically** agree to was based upon the Declaration of Kelly Hall, Vice President of Software Development for Reynolds and the attached Customer Guide.

As most aptly put by SIS, "[h]ere, the Court did not utilize the judicially noticed Customer Guide in dismissing SIS's counterclaims on June 6, 2013." (Doc. #86, p. 3.) However, on January 24, 2014, SIS filed the Motion for Reconsideration of Court's June 6, 2013 Order Taking Judicial Notice of Disputed Contracts ("Motion for Reconsideration") that is now before the Court. (Doc. #83.) The Motion is now fully briefed and ripe for decision.

For its Motion, SIS seeks to have the Court reconsider the Order to the extent that the Court sua sponte took judicial notice of "sample" contract provisions attached to the Affidavit of Kelly Hall. Reynolds responds that the notice was not sua sponte, and that SIS offers no compelling reason for the Court to reconsider its decision.

As an initial matter, the Court did not take this judicial notice sua sponte. In its Motion To Dismiss SIS's Amended Counterclaim (doc. #29), Reynolds asserted that the Court could take judicial notice of the "sample" contract provisions. SIS did not argue otherwise in its response to Reynolds' Motion To Dismiss. (Doc. #32.) In its Reply, Reynolds again asserted that the Court could take judicial notice of the "sample" contract provisions. However, even if judicial notice was taken sua sponte, the taking of judicial notice is permitted by Fed. R. Evid. 201(c)(1).

Having confirmed that the Court did not take judicial notice of the "sample" contract provisions sua sponte, the analysis continues to determine whether the Court should reconsider its Order. "Motions for reconsideration are extraordinary in nature and, because they run contrary to notions of finality, should be discouraged." *Blair v. Board of Trustees of Sugarcreek Township*, No. 3:07-cv-056, 2008 WL 4372665 at *4 (S.D. Ohio Sept. 22, 2008)(citing *Playa Marel v. LKS Acquisitions*, No. C-3-06-366, 2007 WL 3342439 at *1 (S.D. Ohio Nov. 6, 2007).

-2-

Accordingly, interlocutory orders[1], such as the one at issue, are typically reconsidered when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.*

SIS's Motion also refers to the taking of judicial notice. Judicial notice of adjudicative facts is addressed in Fed. R. Evid. 201. Rule 201 provides that a court may take judicial notice, at any stage of a proceeding, of a fact that is not subject to reasonable dispute. Rule 201 also provides that a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed upon timely request.

Here, SIS argues that the Court took judicial notice of disputed contract terms and should not have done so. If the authenticity, validity or enforceability of a document is not in dispute, a court may consider the document on a motion to dismiss but a genuine dispute as to the legal sufficiency of the document requires consideration of the document in a motion for summary judgment. *Composite Technologies, L.L.C. v. Inoplast Composites Sade CV*, 925 F. Supp.2d 868, 873 (S.D. Ohio 2013)(citing *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) and *Ouwinga v. Benistar 419 Plan Services*, 694 F.3d 783, 796-97 (6th Cir. 2012)).

In this case, SIS asserts that Kelly Hall's Declaration and the Reynolds' Customer Guide from which the typical prohibitions are judicially noticed are disputed. However, SIS does not dispute Kelly Hall's Declaration nor does SIS dispute what is contained in the Customer Guide to which she refers.

---

[1] An interlocutory order is one that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties. Fed. R. Civ. P. 56(b). The Order does not adjudicate all of SIS's liabilities.

SIS disputes whether the Customer Guide, to which Kelly Hall refers, is applicable to all of Reynolds' customers. However, this is not enough to warrant reconsideration for at least two reasons. First, the Court judicially noticed that customers **typically** agree to prohibitions contained in the Customer Guide. Second, SIS has not identified any Reynolds' customer contracts that do not include the type of prohibition of which the Court took judicial notice. In sum, SIS has not identified an intervening change of controlling law; new evidence or a need to correct a clear error or prevent manifest injustice. Therefore, SIS's Motion for Reconsideration (doc. #83) is DENIED.

SIS also argues that Reynolds did not file a Motion for Judicial Notice. However, the record is clear that Reynolds' requested that the Court take judicial notice and Rule 201 does not require that a motion be filed.

Finally, in its Reply Brief, SIS argues that it is entitled to be heard under Rule 201(e). However, Rule 201(e) requires, among other things, a timely request. SIS could have disputed Reynolds' request to take judicial notice in its Response to Reynolds' Motion To Dismiss but it did not do so. Now, more than eight (8) months later, SIS is disputing the taking of judicial notice without providing any reasonable explanation of why it waited. Thus, SIS's request to be heard can hardly be said to be timely. SIS's request to be heard is, therefore, also DENIED.

**DONE** and **ORDERED** in Dayton, Ohio this Tenth Day of February, 2014.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record